23372

Frances JACOBSON, Respondent v. Alan J. STERNBERG, Appellant.
(408 S.E. (2d) 245)

Supreme Court

*Mark H. Wall,* of *Robinson, Wall & Hastie, P.A.,* Charleston, *for appellant.*

*Carl H. Jacobson,* of *Uricchio, Howe, Krell, Jacobson, Toporek and Theos, P.A.,* Charleston, *for respondent.*

Submitted Feb. 20, 1991.

Decided Aug. 5, 1991.

CHANDLER, Justice:

Opinion Number 23372, filed April 1, 1991, is withdrawn and the following substituted in its place.

Alan J. Sternberg (Sternberg) appeals an order denying his motion to set aside entry of default in this action commenced by Frances Jacobson (Jacobson).

We affirm.

## FACTS

This is an action to collect on a promissory note. Jacobson's attorney attempted to serve the Summons and Complaint upon Sternberg by mailing them to his California address via certified mail, unrestricted delivery. In his letter, counsel enclosed an Acknowledgement of Service which he requested Sternberg sign and return.

On May 23, 1989, a return receipt for the letter was signed by "B. Carter" as "Agent." Ms. Carter was a secretary for a corporation with which Sternberg was affiliated.

In a subsequent letter to Jacobson's attorney, Sternberg disclosed that he had received the Summons and Complaint. However, the Acknowledgement of Service was never signed or returned.

On August 3, 1989, no responsive pleading having been filed, an order was issued adjudging Sternberg in default. His motion to set aside entry of default was subsequently denied.

## ISSUE

Was Jacobson's service of process valid?

## DISCUSSION

Sternberg contends that Jacobson's failure to restrict delivery of the Summons and Complaint to the addressee, as required by Rule 4(d)(8), S.C.R.C.P.,[1] rendered service void. We disagree.

Sternberg correctly points out that service pursuant to Rule 4(d)(8) is accomplished by registered or certified mail, with delivery *restricted* to the addressee; the return receipt establishes acceptance of process.

---

[1] The rule states:

Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person. If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules.

Clearly, service under the provisions of the rule would be defective where, as here, delivery was not restricted to the addressee.

However, Sternberg is a non-resident of South Carolina. As such, personal jurisdiction may be exercised by courts of this State pursuant to the "long-arm" statute, S.C. Code Ann. § 36-2-803, *et seq.* (1976). Under the long-arm statute, service is effective when made "by any form of mail addressed to the person to be served and requiring a signed receipt . . ." § 36-2-806(1)(c). When service is made under this section, proof of service requires "a receipt signed by the addressee *or other evidence of delivery to the addressee* satisfactory to the court." § 36-2-806 (1976) (Emphasis supplied).

Here, Sternberg conceded actual receipt of the complaint in an affidavit presented to the lower court. We find this sufficient evidence of delivery. Accordingly, service was effective under the statute and the lower court properly denied the motion to set aside entry of default.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.