1870

Ann Susan SCHLEICHER, Respondent v.
Kevin Charles SCHLEICHER, Appellant.

(423 S.E. (2d) 147)

Court of Appeals

*Theodore A. Snyder, Jr.*, Walhalla, *for appellant.*

*Ann Susan (Schleicher) Cothran, pro se.*

Heard Sept 9, 1992.

Decided Oct. 5, 1992.

GOOLSBY, Judge:

Kevin Charles Schleicher appeals an order denying his motion for reconsideration of the family court's decree that grants Ann Susan Schleicher a divorce and apportions the parties' marital property. Mr. Schleicher based his motion on the ground that he did not receive notice of the merits hearing. On appeal, Mr. Schleicher challenges the family court's holding that he received notice of the merits hearing upon the mailing by Mrs. Schleicher's attorney of the notice by certified mail, return receipt requested. We affirm.[1]

---

[1] We do not reach the question suggested by Mrs. Schleicher in her oral argument before this court regarding whether Mr. Schleicher is now estopped from contesting the family court's authority to issue its decree because Mr. Schleicher voluntarily accepted the benefits accruing to him under the decree.

Mrs. Schleicher's attorney mailed a letter on August 27, 1990, to Mr. Schleicher's last known address by certified mail, return receipt requested. The letter notified Mr. Schleicher, who was not represented by an attorney and who had not filed an answer or other responsive pleadings in the case, that the hearing on the merits of Mrs. Schleicher's action for divorce and apportionment of the marital property would be held on September 10, 1990. The return receipt shows Mr. Schleicher, a resident of Florida, got the letter on September 18, 1990. According to his affidavit, Mr. Schleicher found "a second notice of certified mail" in his mailbox when he returned on September 16, 1990 from a trip to Boston. He avers he never received the "first notice."

Three rules of court, two family court rules and one civil procedure rule, dictate the result we reach here.

Rule 17(a) of the South Carolina Rules of Family Court provides:

> In domestic relations matters, even though the defendant does not file an answer, notice of the time and date of the merits hearing shall be given to the defendant. If the defendant is not represented by counsel, notice as required by this rule shall be sufficient if mailed to the defendant at his last known address, by certified mail, return receipt requested. The defendant may be heard at the merits hearing on issue of custody of children, visitation, alimony, support, equitable distribution, and counsel fees.

---

As the record discloses, Mr. Schleicher took possession of the items awarded him by the family court's decree, including, among other things, two trailers, a motorcycle, and some antiques. *See* 4 C.J.S. *Appeal & Error* § 215, at 644 (1957) ("It is a well settled general rule ... that, where a party, knowing the facts, voluntarily accepts the benefits, or a substantial part thereof, accruing to him under a ... decree, such acceptance ... estops him from afterward maintaining an appeal ... to review the ... decree or deny the authority which granted it.... "); *see also* 4 Am. Jur. (2d) *Appeal and Error* § 259, at 754 (1962) ("The general rule that a party who voluntarily accepts a benefit under a judgment or decree waives his right to have it reviewed applies in divorce cases."); E.T. Tsai, Annotation, *Spouse's Acceptance of Payments Under Alimony or Property Settlement or Child Support Provisions of Divorce Judgment As Precluding Appeal Therefrom,* 29 A.L.R. (3d) 1184 (1970).

Rule 2(a) of the South Carolina Rules of Family Court makes applicable certain rules of the South Carolina Rules of Civil Procedure. Among them is Rule 5(b)(1), SCRCP, which provides in part: "Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."

When Rule 5(b)(1), SCRCP, and Rule 17, SCRFC, are read together, as they must be, the only reasonable conclusion that can be drawn is that service of the notice of the time and date of the merits hearing became effective when Mrs. Schleicher's attorney mailed the notice to Mr. Schleicher "at his last known address, by certified mail, return receipt requested" and not at the time Mr. Schleicher actually received the notice. *See* 66 C.J.S. *Notice* § 18e, at 664 (1950) ("by force of statute . . ., service may be effective when the notice is properly mailed, regardless of its receipt by the addressee; in such case the risk of miscarriage or failure to deliver is on the addressee."); 58 Am. Jur. (2d) *Notice* § 34, at 596 (1989) ("Where service of notice by registered mail is authorized, service is effective when the notice is properly addressed, registered, and mailed. . . .").

Had a rule other than the one adopted here been intended, an express provision adopting the different rule would have been made a part of Rule 17(a), SCRFC. *See, e.g.,* Rule 4(d)(8), SCRCP ("Service [of a summons and complaint] is effective upon the date of delivery as shown on the return receipt."); *Jacobson v. Sternberg,* 305 S.C. 337, 338, 408 S.E. (2d) 245, 245 (1991) (noting that under Rule 4(d)(8), SCRCP, "the return receipt establishes acceptance of process"); *see also* 82 C.J.S. *Statutes* § 328, at 635 (1953) ("[A]s a general rule the court cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted.").

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.