**William REDDIC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–792–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 6, 1998.

Discretionary Review Refused
Nov. 25, 1998.

Leland M. Irwin, El Campo, for appellant.

Steven E. Reis, Dist. Atty., Bay City, for state.

Before DORSEY, YAEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Appellant, William Reddic, pleaded guilty to delivery of a controlled substance. The trial court deferred adjudication and placed him on seven years' probation. Later the State filed an amended motion to proceed with adjudication of guilt and sentence. The trial court adjudicated him guilty of delivery of a controlled substance and sentenced him to five years in prison. By his sole point of error, appellant asserts the trial court erred because it denied his motion for change of appointed counsel without conducting a thorough inquiry to determine whether good cause existed for substitution of counsel. We affirm.

On May 14, 1997 the State filed its amended motion to proceed with adjudication of guilt and sentence (amended motion to adjudicate). On May 19, 1997 appellant filed a document in which he stated he was indigent and requested the trial court to appoint counsel. On this same day the trial court appointed attorney Robin Orr to represent appellant. The trial court set the hearing on the State's amended motion to adjudicate for October 9, 1997.

On September 19, 1997 appellant filed a *pro se* letter with the district court clerk of Matagorda County. In this letter appellant stated he wanted to "fire Robin Orr and get me a new lawyer because I fill [sic] that I'm being misrepresented he's [sic] not try [sic] to help me at all...." Appellant did not request a hearing.

On October 9, 1997 the trial court called appellant's case for the hearing on the amended motion to adjudicate. Before the court heard evidence this exchange occurred between Mr. Orr and the court:

Your Honor, standing with me here this morning is my appointed client, Mr. William Reddic. Mr. Reddic has suggested to me this morning that he is not satisfied with my representation of him in this matter and has suggested to me that he would like to ask the Court for another counsel.

For the record, Your Honor, I have had several interviews with Mr. Reddic since he's been confined in Matagorda County Jail because my attempts to contact him by mail were not successful. In the course of our conversations about this matter I have had—I have asked him for the names of any witnesses which he would like me to interview, subpoena, and he gave me one name. That witness has been interviewed and subpoenaed, is in court today; and it's Frankie Lewis, his grandmother.

For the record also, Your Honor, I have advised the defendant as to the plea offer made by the District Attorney's Office and he has declined to accept it. He told me that he does not wish to accept it but that he may wish other counsel, and I thought I needed to bring that matter to the Court's attention in so far as I am concerned.

I will not take it as an offense if the Court wishes to appoint another counsel to represent Mr. Reddic, because I think he needs to have confidence in whomever represents him.

The trial court responded:

Well, the Court is not inclined to remove you because the Court knows you to be one of the most competent attorneys in this town. You have a track record that is not exceeded by probably only your uncle, and I know that you're prepared and ready to go when you announce. So and I am not inclined to remove you....

Mr. Orr remained appellant's court-appointed counsel, and the trial court heard the evidence and arguments on the amended motion to adjudicate.

■ By a single point of error appellant requests this Court to reverse his adjudication and sentence because the trial court erred by denying his motion for change of appointed counsel without conducting a thorough inquiry to determine whether good cause existed for substitution of counsel. Once the attorney-client relationship is established any potential disruption of the relationship is subject to careful scrutiny. *Buntion v. Harmon,* 827 S.W.2d 945, 948 n. 3 (Tex.Crim.App.1992) (orig.proceeding). Thus neither the attorney nor the client may sever the attorney-client relationship without justifying the severance to the trial court. *Buntion,* 827 S.W.2d at 948 n. 3.

 

 The defendant must accept counsel assigned by the court unless he or she effectively waives the right to counsel for self-representation or can show adequate cause for appointment of a different attorney. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex. Crim.App.1977). The court of criminal appeals has repeatedly stated a trial court is under no duty to search until it finds an attorney agreeable to the defendant. *Malcom v. State,* 628 S.W.2d 790, 791 (Tex.Crim. App.1982); *Lyles v. State,* 582 S.W.2d 138, 141 (Tex.Crim.App.1979); *Gonzales v. State,* 532 S.W.2d 343, 345 (Tex.Crim.App.1976); *Viges v. State,* 508 S.W.2d 76, 77 (Tex.Crim. App.1974). When a trial court appoints an attorney to represent the indigent defendant the defendant has received the protections provided under the Sixth and Fourteenth Amendments. *Malcom,* 628 S.W.2d at 791. If a defendant is displeased with his or her appointed counsel he or she must bring the matter to the court's attention. Thereupon, the defendant carries the burden of proving entitlement to a change of counsel. *Malcom,* 628 S.W.2d at 791; *Webb v. State,* 533 S.W.2d 780, 784, n. 3 (Tex.Crim.App.1976).

 In this case the record showed appellant advised the district clerk by a *pro se* letter: (1) he wanted appointed attorney, Robin Orr, discharged; (2) Mr. Orr was misrepresenting him; and (3) he wanted another attorney. According to the court's decision in *Malcom* we must examine the record and determine if this allegation was correct. *See Malcom,* 628 S.W.2d at 791–92. The record showed Mr. Orr provided adequate representation for appellant. At the hearing on the amended motion to adjudicate, Mr. Orr cross-examined the State's witnesses, lodged objections during the State's examination of its witness, and called appellant's grandmother, Frankie Lewis, to testify on appellant's behalf. Lewis was the only witness appellant provided to Mr. Orr. Appellant declined to testify. Mr. Orr met with appellant several times prior to this hearing. Appellant has shown us no harm in the court's denial of his *pro se* request to substitute counsel. *See Malcom,* 628 S.W.2d at 792.

 Concerning the trial court's failure to hold a hearing on the substitution-of-counsel issue we note the trial court, prior to the hearing, discussed this issue with Mr. Orr in appellant's presence. The trial court was aware of appellant's complaint. In *Stovall v. State,* 480 S.W.2d 223 (Tex.Crim.App.1972), the defendant contended the court erred in not conducting a hearing when he expressed dissatisfaction with his court-appointed counsel. The court of criminal appeals, in affirming the conviction, found there was no error because the defendant had never requested a hearing. *See Malcom,* 628 S.W.2d at 792; *Stovall,* 480 S.W.2d at 224. We overrule the point of error.

We AFFIRM the trial court's judgment.