539 S.E.2d 699

**Ex Parte J.P. STROM, Jr., Petitioner,**

**In re Collins Entertainment Corporation, Respondent,**

v.

**Columbia "20" Truck Stop, Inc. d/b/a Columbia "20" Truck Stop, Vern Adkins and Union Oil of California, Defendants.**

No. 25213.

Supreme Court of South Carolina.

Heard Oct. 5, 2000.

Decided Nov. 20, 2000.

---

Tom Young, Jr., of Strom & Young, L.L.P., of Columbia; and Richard Mark Gergel and W. Allen Nickles, III, both of Gergel, Nickles & Solomon, P.A., of Columbia, for petitioner.

O.W. Bannister, Jr. and James W. Bannister, of Bannister & Wyatt, L.L.C., of Greenville, for respondent.

Desa Ballard, of Desa Ballard, P.A., of West Columbia, as amicus curiae.

TOAL, Chief Justice:

We granted certiorari to review the decision of the Court of Appeals reversing a Circuit Court order which granted J.P. Strom, Jr's motion to be retroactively relieved as counsel of record in the captioned matter.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent Collins Entertainment Corporation ("Collins") retained Petitioner J.P. Strom, Jr. ("Strom") and Eric Bland ("Bland") to represent it in a contract dispute with Columbia "20" Truck Stop. On February 9, 1996, Strom and Bland filed a circuit court action entitled *Collins Entertainment Corporation v. Columbia "20" Truck Stop, Inc., et al.*, C/A No. 96–CP–40–0527 *("Columbia "20"")*. On February 12, 1996, the circuit court issued a temporary restraining order in the case to prevent the sale of Columbia "20" to a third party. On February 20, 1996, prior to the scheduled injunction hearing, the parties entered into a consent order which held the matter in abeyance while Collins negotiated with the third party. Strom alleges he was contacted via telephone by Collins' in-house counsel, Timothy Youmans ("Youmans") in March of 1996, and told to close his file. Youmans and co-counsel Bland deny Strom was relieved of any obligations. Strom claims he closed his file in March and mailed a final bill to Collins in April 1996. Strom contends he has performed no work on the *Columbia "20"* file since that time. It is uncontested, however, that the *Columbia "20"* case remained on the trial docket, with Strom shown as counsel of record, until July 1997. Strom has produced no written documentation of his discharge. However, he has not billed Collins for any work since the *Columbia "20"* action was held in abeyance.

On June 10, 1997, Strom and several other attorneys, filed *Joan Caldwell Johnson, et al. v. Collins Entertainment, Inc. et al.*, C/A No. 3:97–2136–17 (D.S.C.) *("Johnson")*, a federal class action challenging the legality of the video poker industry in South Carolina. When Strom filed this action against Collins, he was still the attorney of record for Collins in the *Columbia "20"* action. In June 1997, the parties received notice that the *Columbia "20"* case was on the docket for trial during the week of July 8, 1997. However, *Columbia "20"* was dismissed pursuant to Rule 41(a), SCRCP and an executed Stipulation of Dismissal on July 11, 1997, before the case went to trial.

On June 19, 1997, Strom filed a motion requesting that the circuit court delete his name as counsel of record in the *Columbia "20"* action, retroactive to March of 1996. Collins

contested the motion, claiming it had not discharged Strom in March of 1996, or anytime thereafter. Following a hearing in August 1997, the Honorable L. Casey Manning issued an order dated August 8, 1997, granting Strom's motion. Judge Manning's Order retroactively relieved Strom as counsel of record pursuant to Rule 60(a), SCRCP, based on clerical mistake. Judge Manning affirmed his findings in a further Order denying Collins' motion for reconsideration. Collins appealed.

The Court of Appeals overturned Judge Manning's Order, holding there was no clerical mistake and that Rule 11(b), SCRCP, is the only proper method for an attorney to withdraw as counsel of record. This Court granted certiorari, and the issues before this Court are:

I. May Strom raise the principle of estoppel as an additional sustaining ground?

II. Did the Court of Appeals correctly hold that once an attorney becomes the attorney of record in an action, withdrawal can only be accomplished by order of the court pursuant to Rule 11(b), SCRCP?

## LAW/ ANALYSIS

### I. Estoppel

Strom argues this Court should apply the principle of estoppel as an additional sustaining ground to overrule the Court of Appeals' decision and to uphold the trial court's decision. We disagree.

As discussed below in Section II, there are strong policy reasons which impel us to require strict adherence to Rule 11. Therefore, we can not allow Strom to interpose estoppel to prevent the enforcement of Rule 11, even if the record indicates Collins did not suffer any prejudice. To allow the use of estoppel in this instance would defeat the strong public policy behind the enforcement of Rule 11.[1]

---

1. The conduct between the parties is not at issue in this appeal. Although this Court expresses no opinion as to the merits of any subsequent litigation between Collins and Strom, we note nothing in this opinion would prevent Strom from presenting his estoppel argument in a subsequent civil suit.

In light of this ruling on the merits, it is not necessary for this Court to address Collins' contention that Strom's estoppel argument was not properly raised as an additional sustaining ground.

## II.  Rule 11(b), SCRCP

Strom argues the Court of Appeals erred in holding that an attorney can only be relieved as counsel by obtaining a court order utilizing the procedure set forth in Rule 11(b), and may not retroactively be relieved pursuant to Rule 60(a).  We disagree.

■ Rule 11, SCRCP, provides: "An attorney may be changed by consent, or upon cause shown, and upon such terms as shall be just, upon application, by order of Court, *and not otherwise*." (emphasis added).  We hold that after entering an appearance with the court, an attorney must receive a court order pursuant to Rule 11(b) in order to be relieved as counsel.  As this Court stated in *Culbertson v. Clemens,* 322 S.C. 20, 25, 471 S.E.2d 163, 165 (1996):

> In all actions, it is of vital importance, not only to the parties involved but to the court as well, that the correct attorneys are listed as the attorneys of record.  The best way to achieve this is by strict adherence to Rule 11(b), which was designed to eliminate any confusion regarding which attorneys are representing parties by requiring that any changes be made by application to the court.

It is irrelevant whether the attorney is discharged or seeks to withdraw for his own reasons.  A client has the absolute right to trust and rely upon attorneys whom he believes to be his counsel of record.  In the instant case, the only evidence that Strom was discharged by Collins is the testimony of Strom himself and the absence of billing records during a time when the matter was held in abeyance.  Contrarily there is evidence that Collins still believed Strom would continue to represent it if and when the case proceeded to trial.  As the text of Rule 11(b) implies, either the attorney, the replacement attorney, or the client may apply for a court order changing or removing an attorney.  If an attorney is discharged, and the client or the new attorney fails to apply for a court order, it is incumbent upon the discharged attorney to do so himself.  In

a situation such as this one where the client claims not to have discharged the attorney, strict adherence to Rule 11(b) would have solved the confusion. If Strom had filed a Rule 11(b) motion at the time he believed he was discharged, Collins would have been notified and could have corrected Strom's belief.

■ Strong policy considerations dictate that a client and the court must be unequivocally informed when an attorney intends to withdraw from representing a party, for whatever reason. Equally strong policy considerations dictate that the court must, by order, approve a client's discharge of an attorney of record in a court proceeding. The conflict in understanding between Collins and Strom in this case is a perfect illustration of the need for adherence to Rule 11's requirement of a court order. Here, Strom and Collins' in-house counsel, Youmans, both testified credibly about their understanding of their telephone conversation. Unfortunately each lawyer interpreted the conversation differently.

■ We hold that in order to be removed as counsel of record, an attorney must receive a court order pursuant to 11(b), SCRCP. In a case where an attorney believes he has been discharged, if the client fails to request a court order changing attorneys, the attorney is required to request such an order on his own motion.[2] In *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965), the North Carolina Supreme Court articulated the policy behind placing such an obligation on an attorney. The Court held that an attorney who has entered a formal appearance in an action is "not at liberty to abandon [the client's] case without (1) justifiable cause, (2) reasonable notice to [the client], and (3) permission of the court." *Id.* at 305. The court explained: "[a]n attorney not only is an employee of his client but also is an officer of the court. This dual relation imposes a dual obligation." *Id.* at 306. Based on case law and policy, once an attorney has made a formal

---

**2.** Strom cites *In re Tillman*, 319 S.C. 461, 462 S.E.2d 283 (1995), in support of his argument that a discharged attorney does not have an obligation to file a Rule 11(b) motion. Strom accurately cites *Tillman* for the proposition that an attorney who is discharged can no longer perform work on the client's case. However, requiring an attorney to file a motion to change attorneys under Rule 11(b) does not constitute "continuing representation after discharge."

appearance and becomes attorney of record in an action, withdrawal can only be accomplished by order of the court.[3]

Since a court order is required to relieve an attorney of record, the trial court erred in relieving Strom pursuant to Rule 60(a), SCRCP. Rule 60(a), SCRCP, provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time." Failure to file a motion to be relieved as counsel of record does not amount to a clerical error. A clerical error "is a mistake or omission by a clerk, counsel, judge or printer, *which is not the result of exercise of judicial function." Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct.App.1994) (emphasis added).

Furthermore, the trial court's order removing Strom as counsel of record should not have been granted *nunc pro tunc. Nunc pro tunc* is a phrase applied to acts allowed to be done after the time when they should have been done, with a retroactive effect. *Black's Law Dictionary* 737 (7th ed.1991). *Nunc pro tunc* orders can only be used to place in the record evidence of judicial action that has actually taken place. "A prerequisite for a *nunc pro tunc* order ... is some previous action by the court that is not adequately reflected in its record." *Dewees v. Sweeney*, 947 S.W.2d 861 (Tenn.Ct.App. 1996), *app. den'd* (1997); *see also Simmons v. Atlantic Coast Line R.R. Co.*, 235 F.Supp. 325, 330 (D.S.C.1964) (*nunc pro tunc* entry cannot be made to serve the office of correcting a decision or of supplying non-action on the part of the court);

---

3. Many other states follow similar rules requiring that attorneys of record, even those who are discharged, can only be relieved as counsel upon filing with the court. *See, e.g., Farkas v. Sadler*, 119 R.I. 35, 375 A.2d 960 (1977) (effective withdrawal, at the insistence of either counsel or client, is dependent upon consent of the court); *Sweet v. Sweet*, 177 Misc.2d 454, 676 N.Y.S.2d 853 (N.Y.Fam.Ct.1998) (even after discharge, there are only two ways an attorney who has made an appearance in a case can withdraw: (1) by service on other parties and filing a consent to change attorneys with the court and (2) by motion to the court); *Reddic v. State*, 976 S.W.2d 281 (Tex.Ct.App.1998) (either the attorney or the client must justify severance of the attorney-client relationship to the trial court); *Dunn v. Duke*, 216 Ga.App. 829, 456 S.E.2d 65 (1995) (formal withdrawal by attorney cannot be accomplished until after trial court issues an order permitting withdrawal).

*Carroll v. Carroll,* 338 S.W.2d 694, 695 (Ky.1960) ("The error could not be corrected by *nunc pro tunc* order because such an order can be used only for the purpose of placing in the record evidence of judicial action that has actually been taken, not to correct an error or supply an omission of judicial action."); 20 Am.Jur. *Courts* § 29 (1995) (the order cannot supply the record with action that the court failed to take).

Strom needed a court order under Rule 11(b), SCRCP, to be relieved as counsel. Since such action was not taken, Strom could not be relieved as counsel of record by a *nunc pro tunc* order.[4]

## CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is AFFIRMED.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. There are also strong policy reasons not to allow the circuit court to retroactively relieve a lawyer of all responsibility for things not done during the period of retroactivity. For example, an attorney could fail to file a pleading, to submit discovery when due, or to attend a hearing, and then claim he was absolved of any responsibility for that failure or neglect because a court relieved him as counsel retroactive to a time prior to the misconduct.