In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00081-CR


______________________________




MICHAEL SAMPSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33789-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Michael Sampson appeals from his conviction by a jury for the offense of theft under
$1,500.00. The jury assessed punishment at fifteen months' confinement in a state-jail facility, and
a $150.00 fine. Sampson was convicted of shoplifting a portable DVD player and earphones from
a K-Mart store. The sufficiency of the evidence is not before us; thus, we will discuss the facts of
the case only as necessary to address the issues raised.

 Sampson raises two issues on appeal. He argues that the trial court erred by failing to allow
Sampson to represent himself at trial and that counsel was constitutionally ineffective because he
did not subpoena a witness. 

 It is well settled that the Sixth Amendment provides an accused with the independent right
to conduct his own defense. Faretta v. California, 422 U.S. 806, 819 (1975); Burton v. State, 634
S.W.2d 692, 694 (Tex. Crim. App. [Panel Op.] 1982). In order to invoke the right of
self-representation, the accused must make a demand that is clear and unequivocal. Hathorn v. State,
848 S.W.2d 101, 123 (Tex. Crim. App. 1992); Funderburg v. State, 717 S.W.2d 637, 642 (Tex.
Crim. App. 1986). The demand is timely if it is asserted before the jury is empaneled and if there
is no affirmative showing that the demand is merely a delaying tactic. See Chapman v. United
States, 553 F.2d 886, 887 (5th Cir. 1977); Blankenship v. State, 673 S.W.2d 578, 585 (Tex. Crim.
App. 1984); Nelson v. State, 810 S.W.2d 753, 754 (Tex. App.--Dallas 1991, pet. ref'd).

 Several letters from Sampson to various judges show that he did want a different attorney,
perhaps one that he might retain himself. These letters do not show an unequivocal desire to
represent himself at trial. Sampson relies on a series of statements made during voir dire as his basis
for stating that he wanted to represent himself during the trial. 

 THE COURT: . . . . You are not the attorney in this case. He is your
attorney. If you choose to represent yourself, that's a whole other matter, but you
have asked for court-appointed counsel. Mr. Smith is a very good attorney. He's
handled numerous trials. He is your attorney right now.


 [SAMPSON]: Okay.


 MR. SMITH: Judge, just for the record, and certainly no secret, I
know Mr. Sampson has been very unhappy with my representation from the
beginning. He's written a number of letters, I believe to almost every judge; perhaps
not you, but he's written a number of letters. He does not want me to be his attorney,
but -- but Judge Khoury told him that I was going to be his attorney, notwithstanding
his desire to have someone else. And of course he could represent himself, but I
guess he chooses to proceed this way.


 [SAMPSON]: No, I asked Judge Khoury if I could represent myself,
and he told me no.


 MR. SMITH: Okay. And Mr. Sampson made it clear that he expects
me to ask the questions he wants me to ask. I realize some of them may not be
proper under the Rules of Evidence, but he's made it clear that I'm supposed to do
whatever he tells me to do since I'm his attorney.


 THE COURT: Mr. Sampson --


 [SAMPSON]: Not necessarily.


 THE COURT: -- he is to represent you, but he has to follow the Rules
of Criminal Procedure and the Rules of Evidence. You can advise him of what
questions you'd like asked; however, it is up to Mr. Smith to make that judgment. He
is the one that makes the judgment calls, not you.


 The judge at Sampson's trial was Alfonso Charles. There is only one point at which Judge
Alvin G. Khoury appears: the arraignment. During the arraignment, Sampson complained that
Mr. Smith had verbally assaulted him, that he had not reviewed his case and that he had made no
attempt whatsoever to represent him--and that, based on these things, Sampson wanted to relieve
his appointed counsel. Judge Khoury noted that any "firing" of an appointed attorney which might
occur would be by the court and that Sampson had no right to do so independently, (1) and noted that
Sampson could retain counsel of his choosing if he wished to do so. (2) Although he loudly
complained about his appointed attorney, and equally stridently asked for another one to be
appointed, Sampson did not ask to represent himself. (3)

 In the absence of a clear, unequivocal, and timely demand to represent himself at trial, we
find no error. The point of error is overruled.

 Sampson further contends that his trial counsel was constitutionally ineffective because he
did not subpoena the complainant for the trial. Specifically, counsel did not subpoena a witness that
he believed the State would call at trial. The offense in this case was shoplifting from a K-Mart
store. The individual was Eric Haley, a K-Mart employee who had initially stopped Sampson at the
doors of the store. Haley had been released during a reduction in force by K-Mart between the time
of the arrest and trial, and Jacobs, the loss-control manager (who joined Haley in bringing Sampson
in), testified about the theft. 

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his counsel's representation fell below an objective standard
of reasonableness and (2) that the deficient performance prejudiced his defense. Id.; Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove that his
attorney's representation fell below the standard of prevailing professional norms and that there is
a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a
claimant must prove that counsel's representation so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a just result. Strickland, 466
U.S. at 686. 

 The record shows that trial counsel was acting under the assumption that the State would
subpoena Haley and bring him in as a witness--based in large part on the State's actions in sending
a witness statement from Haley to counsel and including him on its "list of potential witnesses." 
Counsel stated categorically that he would have subpoenaed Haley had he known Haley was not
going to attend the trial. Counsel sought a continuance, which was denied, and then a mistrial, which
was also denied. 

 The question under the first prong of Strickland is whether counsel's representation fell below
an objective standard of reasonableness. That is arguable. It is typically unlikely that a defendant
would subpoena one of the individuals named as a witness to the crime, unless that witness might
provide evidence in his favor. However, in this case there is some indication that this is exactly what
defense counsel was hoping. His arguments are largely focused on alleged inconsistencies between
a grainy, stop-action videotape and the actual events surrounding the stop; he concentrated on
something that might have been visible glinting in Haley's hand when he went toward Sampson (the
suggestion being that Haley had the DVD player and earphones in his own hand and then later, after
scuffling with Sampson, and when they began heading back toward the store office, dropped them
on the floor). Counsel suggested in final argument that Sampson may have actually removed the
items from their packaging, but then had left them in the store, that Haley brought the items to
confront Sampson, and that matters escalated from there.

 The mere fact that another attorney, including appellant's counsel on appeal, might have
pursued a different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.--Texarkana 1999, no pet.). In this case, counsel was found
to have not requested a subpoena for a witness who he believed was being called by the State, and
admitted that it was a mistake. Counsel explained his belief, which was essentially that, because
Haley was on the State's witness list, and because the State had provided him with a copy of a
statement taken by police, he believed the State would call him as a witness. However, no copy of
that statement is in the record. We simply do not know what Haley said in his statement, and thus,
there is no real indication that counsel actually should have subpoenaed him as a witness. The first
prong of ineffective assistance has not been shown.

 Caselaw mandates that any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In this case, the record contains nothing more than
speculation about what Haley's testimony might have been. An ineffective assistance claim cannot
be based on speculation. Jones v. State, 170 S.W.3d 772, 775 (Tex. App.--Waco 2005, pet. ref'd).

 Accordingly, from this record, we cannot find that counsel was ineffective for failing to
subpoena Haley. Even had we so determined, in the absence of anything to show what his testimony
would have been, we could not make the further finding under the second prong of Strickland that
any error was harmful. The contention of error is overruled.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: January 29, 2007

Date Decided: January 30, 2007


Do Not Publish

1. Judge Khoury's statement is substantively correct: an indigent defendant must accept the
attorney or attorneys appointed by the court unless the defendant can show adequate cause for
appointment of another attorney. Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). A
criminal defendant is not entitled to appointed counsel of choice. Dunn v. State, 819 S.W.2d 510,
520 (Tex. Crim. App. 1991). If a defendant is dissatisfied with the appointed counsel, the defendant
must bring the matter to the attention of the court; thus, it is the burden of the defendant to prove
entitlement to different counsel. Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel
Op.] 1982); Reddic v. State, 976 S.W.2d 281, 283 (Tex. App.--Corpus Christi 1998, pet. ref'd). 
Neither the attorney nor the client may sever the attorney-client relationship without justifying the
severance to the trial court. Long v. State, 137 S.W.3d 726, 735 (Tex. App.--Waco 2004, pet. ref'd). 
Sampson's expressed dissatisfaction with his trial counsel does not rise to the level of adequate cause
for appointment of new counsel. See Aguilar v. State, 651 S.W.2d 822, 823-24 (Tex.
App.--Houston [1st Dist.] 1983, no pet.) ("Appellant's stated purpose in having the court appoint
counsel who would follow appellant's defense strategy, regardless of counsel's own views, does not
constitute an 'adequate' reason for the appointment of new counsel."). See Davis v. State, 150
S.W.3d 196, 207 (Tex. App.--Corpus Christi 2004), rev'd on other grounds, 195 S.W.3d 708 (Tex.
Crim. App. 2006).
2. Judge Khoury's statement is, again, substantively correct: the Sixth Amendment guarantees
a criminal defendant the right to be represented by the retained counsel he prefers. See U.S. Const.
amend. VI; Wheat v. United States, 486 U.S. 153, 158-60 (1988). This right is not absolute,
however, but can be overridden by important considerations relating to the integrity of the judicial
process and the fair and orderly administration of justice. See Wheat, 486 U.S. at 158-60; Webb v.
State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) (holding that right to choose counsel "cannot
be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair
administration of justice"); Estrada v. State, 406 S.W.2d 448 (Tex. Crim. App. 1966).
3. Sampson has filed repeated motions with this Court seeking to remove his appellate counsel
and act pro se in his briefing of his appeal. We have repeatedly denied those motions. In Martinez
v. Court of Appeal of California, 528 U.S. 152 (2000), the United States Supreme Court reaffirmed
its holding that a criminal defendant has a constitutional right to conduct his own defense at trial if
he voluntarily and intelligently elects to do so; however, the Court then held that a criminal
defendant has no federal constitutional right to represent himself on direct appeal from a conviction. 
Id. at 154-63. The Court added that appellate courts may, in the exercise of their discretion, allow
a defendant to proceed pro se on appeal based on the best interests of the defendant and the
government. Id. at 161-63.