

# NUMBERS 13-11-00238-CR & 13-11-00239-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CONRADO VELA III,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Conrado Vela III, appeals two separate convictions for family-violence assault, enhanced to a third-degree felony by a prior conviction for assault against a victim with whom appellant had a "dating relationship."[1]  *See* TEX. PENAL CODE ANN.

---

[1] Although neither party has filed a motion to consolidate these appeals, in the interest of judicial economy, we issue a single opinion herein disposing of both appeals.

§ 22.01(b)(2)(A) (West Supp. 2009); TEX. FAM. CODE ANN. § 71.0021(b) (West 2008) (defining "dating relationship"). After the jury found appellant guilty in each case, the trial court assessed the maximum sentence of twenty years in each case, with the twenty-year sentences to run concurrently. The trial court ordered the sentences to commence after appellant finishes serving a fifty-year sentence for aggravated kidnapping in another case. *See Vela v. State*, No. 13-10-00491-CR, 2011 WL 3821045, at *5 (Tex. App.—Corpus Christi Aug. 25, 2011, pet. filed) (mem. op., not designated for publication) (affirming appellant's convictions for aggravated kidnapping and unauthorized use of a motor vehicle).

By two issues in each case, appellant argues that (1) the trial court erred by not holding a thorough hearing on his motion to substitute his appointed trial counsel; and (2) the trial court reversibly erred when it denied his pro se motion to substitute appointed counsel. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The cases were consolidated for trial. The State showed that appellant held the victim against her will for two days after he accused her of cheating on him. During the two days, appellant confined the victim inside of a Jeep vehicle, hit her numerous times, and urinated on her.

By the time of trial, the trial court had granted respective motions to withdraw filed by appellant's two prior court-appointed attorneys. Appellant's first court-appointed

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

attorney was a public defender who moved to withdraw after appellant expressed dissatisfaction with her. Appellant accused her of collusion with the State. The public defender informed the trial court that at the conclusion of a conversation with appellant, appellant had demanded the notes she made during the conversation, and that she felt it would be very difficult to effectively represent him because of his belief she was in collusion with the State. After hearing the public defender's account, the trial court gave appellant an opportunity to respond, and appellant requested substitute counsel. The trial court granted the public defender's motion to withdraw, appointed a second attorney, and re-set appellant's trial date.

Appellant's second court-appointed attorney represented him for over three months and engaged in significant discovery and trial preparation. After filing motions in limine, she moved to withdraw from representing appellant because he was not cooperating with or talking to her. Appellant admitted in open court that this was true and indicated he would like a third attorney, who was representing him in his aggravated-kidnapping appeal, to represent him in these cases. The trial court granted the second attorney's motion to withdraw, "not necessarily . . . [appellant's] request," and appointed the attorney appellant requested. The trial date was re-set so that the third attorney could prepare for trial.

Less than a week before trial, appellant made an oral motion that the trial court substitute his third attorney because appellant felt the attorney had not communicated with him sufficiently. The trial court denied appellant's motion. Appellant's third attorney tried the cases on appellant's behalf, documenting on the record, outside the

3

presence of the jury, instances in which appellant was uncooperative or in disagreement with counsel.

## II. DISCUSSION

Appellant's first issue in each case challenges the trial court's alleged failure to conduct a thorough hearing on his motion to substitute his third appointed trial attorney. There is no requirement that a trial court sua sponte hold a hearing on an indigent defendant's motion to substitute his appointed counsel. *Malcom v. State*, 628 S.W.2d 790, 792 (Tex. Crim. App. 1982) (panel op.); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Because nothing in the record shows that appellant requested a hearing on his motion to substitute counsel, appellant did not preserve error, if any, for appellate review. *See Malcom*, 628 S.W.2d at 792; *Carroll*, 176 S.W.3d at 256; *see also Reddic v. State*, 976 S.W.2d 281, 283 (Tex. App.—Corpus Christi 1998, pet. ref'd) (holding that a trial court did not err by not holding a hearing on defendant's motion to substitute appointed counsel when the trial court was aware of the defendant's complaint and discussed it with counsel in defendant's presence); *Melendez v. Salinas*, 895 S.W.2d 714, 715 (Tex. App.—Corpus Christi 1994) (orig. proceeding) (concluding attempted-murder defendant who requested a hearing was entitled to a thorough hearing on his motion to substitute counsel when he raised a "substantial complaint" about appointed counsel's representation). Appellant's first issue in each case is overruled.

Appellant's second issue in each case challenges the trial court's denial of his motion to substitute his trial counsel. We review the trial court's ruling for an abuse of

4

discretion.  *See Carroll*, 176 S.W.3d at 256 (citing *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991)).  The Court of Criminal Appeals "has historically affirmed the trial judge's decisions in refusing defendants' motions to dismiss their court-appointed counsel."  *Malcom*, 628 S.W.2d at 791.

The defendant must accept counsel assigned by the court unless he effectively waives the right to counsel for self-representation or can show adequate cause for appointment of a different attorney.  *Reddic*, 976 S.W.2d at 283 (citing *Thomas v. State,* 550 S.W.2d 64, 68 (Tex. Crim. App. 1977)).  A trial court is under no duty to search until it finds an attorney agreeable to the defendant.  *Id.* (citing *Malcom,* 628 S.W.2d at 791). When a trial court appoints an attorney to represent the indigent defendant, the defendant has received the protections provided under the Sixth and Fourteenth Amendments.  *Id.* The right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice and must, in some instances, yield to the general interest of prompt and efficient justice.  *See King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Carroll*, 176 S.W.3d at 256.  If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention.  *Reddic*, 976 S.W.2d at 283.  Thereupon, the defendant carries the burden of proving adequate reason to appoint substitute counsel.  *Id.*; *see also Carroll*, 176 S.W.3d at 256.

Appellant has not met his burden.  The clerk's record does not contain a written motion to substitute counsel.  Rather, less than a week before trial, appellant made four pro se motions to the trial court in open court.[3]  One of appellant's four motions was his

---

[3]  Counsel explained to the trial court that he had conferred with appellant about these motions and believed ethical constraints precluded counsel from urging the motions on appellant's behalf.  Besides the

5

motion to substitute trial counsel "[j]ust for the simple fact that I have written him several letters and not response [sic]—not got a response . . . to my case and stuff like that. And, I mean, I haven't really talked to him." After conferring with appellant about the fact that his trial attorney was his third appointed attorney, the trial court denied appellant's motion.

Six days later, on the first day of trial, before voir dire, appellant complained to the trial court that he had not talked to counsel about his case "at all" and that he had written letters to counsel. The trial court inquired whether trial counsel had represented appellant at the pre-trial hearing—wherein appellant had first urged his motion to substitute counsel. Counsel informed the court that he did represent appellant at the hearing, spoke to appellant at the jail and on other occasions, gave appellant a copy of all the discovery in the case, and discussed the discovery with appellant. The trial court did not substitute trial counsel.

In support of his motion to substitute counsel and on appeal, appellant does not cite any harm counsel caused by his alleged deficiency in communicating with appellant. *See Malcom*, 628 S.W.2d at 792 (examining the record to determine whether it showed harm as a result of trial counsel's alleged animosity and unwillingness to explore defendant's contentions); *Reddic*, 976 S.W.2d at 283 (concluding defendant failed to demonstrate harm resulting from the trial court's denial of his request to substitute counsel). The record shows that by the time trial counsel was appointed to represent appellant, discovery was complete and the cases were ready for trial. A sufficient motion in limine had already been filed in each case. The record shows trial counsel provided

motion to substitute counsel, the motions pertained to appellant's case and included, for example, appellant's motion to subpoena telephone records to show a conspiracy between the prosecutor and four alleged victims of appellant.

6

appellant a zealous, competent defense, notwithstanding the magnitude of the evidence against appellant. Counsel participated actively in pre-trial hearings, voir dire, the examination of witnesses, and in lodging objections on appellant's behalf. Counsel also gave a competent opening statement and closing argument. The record does not show the trial court abused its discretion in denying appellant's motion to substitute counsel. *See Malcom*, 628 S.W.2d at 791–92; *Carroll*, 176 S.W.3d at 258; *see also Reddic*, 976 S.W.2d at 283. Appellant's second issue in each case is overruled.

## III. CONCLUSION

We affirm the trial court's judgment in each case.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of February, 2012.

7