**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gabriel Barnhill and GSB Enterprises, LLC,
Respondents,

v.

J. Floyd Swilley, J. Floyd Swilley Investment Advisors, Laurel K. Swilley, SMG Partners, LLC, SMS Services, LP, William C. Piner, WCP Limited, LLC, 809 Holdings, LP, QC Financing, LLC, Heath Causey, and Sage Financial Group, LLC, J. Floyd Swilley SMG Partners, LLC, Alicia A. Piner, Heath Causey, Sage Advisory Group, L.P., Sage Private Equity Group, Secured Asset Factoring Exchange, Inc., SAFE, Inc., Digics, LLC, 9-1-1, Plumbing, LLC, and Sage Funding, L.P., Christopher Pitcock, Defendants,

Of Whom J. Floyd Swilley, Laurel K. Swilley, and Heath Wendell Causey are the Appellants.

Appellate Case No. 2016-001328

————————

Appeal From Horry County
R. Lawton McIntosh, Circuit Court Judge

————————

Unpublished Opinion No. 2021-UP-288
Submitted October 1, 2019 – Filed August 4, 2021

————————

**AFFIRMED**

————————

Frederick Miles Adler, of Pawleys Island, for Appellants J. Floyd Swilley and Laurel K. Swilley.

Heath Wendell Causey, of Myrtle Beach, pro se.

Natale Fata, of Nate Fata, PA, of Surfside Beach, for Respondents.

————————————

**PER CURIAM:**  J. Floyd Swilley and Laurel K. Swilley (Swilleys) and Heath Wendell Causey (Causey) (collectively, Appellants) appeal the trial court's order striking their answer, counterclaims, and pleadings as a sanction for discovery violations and granting summary judgment to Gabriel Barnhill and GSB Enterprises (collectively, Respondents) on Appellants' counterclaims.  They also appeal the trial court's denial of their motion to set aside the sanction/summary judgment order.  We affirm.

1.  We disagree with Appellants' assertion the trial court erred in ruling on Respondents' motion to compel discovery and/or for sanctions and their motion for summary judgment/judgment on the pleadings on the counterclaims when adequate service had not been made on them.  *See* Rule 5(b)(1), SCRCP ("Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."); *Green v. Green*, 320 S.C. 347, 350, 465 S.E.2d 130, 132 (Ct. App. 1995) ("Mailing ordinarily occurs when a document is deposited with the U.S. Postal Service properly addressed with sufficient postage affixed."); *Schleicher v. Schleicher*, 310 S.C. 275, 277, 423 S.E.2d 147, 148 (Ct. App. 1992) (holding "service of the notice of the time and date of the merits hearing became effective when [the respondent's] attorney mailed the notice to [the appellant] 'at his last known address, by certified mail, return receipt requested' and not at the time [the appellant] actually received the notice").  Respondents served all defendants with notice of the hearing on February 3, 2016.  Therefore, service of the notice of the hearing was complete upon the mailing on February 3.  We find the Swilleys' assertions regarding the validity of the affidavit executed by Respondents' counsel's legal assistant are not properly before this court because they were never raised to or ruled on by the trial court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").  We also find no merit to

the Swilleys' claim the clerk of court never provided them with notice of Respondents' motions or the February hearing. *See* Rule 5(b)(1), SCRCP ("Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."); *Ex parte Strom*, 343 S.C. 257, 262, 539 S.E.2d 699, 701 (2000) ("[A]fter entering an appearance with the court, an attorney must receive a court order pursuant to Rule 11(b) [of the South Carolina Rules of Civil Procedure (SCRCP)] in order to be relieved as counsel."). Until their former counsel was relieved, service was proper on him for his clients.

2. We disagree with Appellants' argument that the trial court erred in holding a hearing during the time in which they contend the case was held in abeyance by Judge Seals's January Order. First, the Swilleys and Causey did not appear at the February hearing and make this argument. While the Swilleys raised this argument in their motion to alter or amend, Causey did not raise this issue in his motion to set aside. As this issue does not involve the court's subject matter jurisdiction, it must have been raised to the trial court in a timely manner and ruled on to be preserved for review. *See Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) ("Subject matter jurisdiction refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994))); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (quoting *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006))); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e)[, SCRCP,] motion to advance an issue the party could have raised to the [trial] court prior to judgment, but did not."). Thus, this issue is not preserved.

3. We disagree with Appellants' argument the trial court erred in granting summary judgment because genuine issues of material fact remained. S*ee David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("[S]ummary

judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner."); *Sims v. Amisub of S.C., Inc.*, 408 S.C. 202, 208, 758 S.E.2d 187, 190-91 (Ct. App. 2014) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." (quoting *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004))); *Eadie v. Krause*, 381 S.C. 55, 64 n.5, 671 S.E.2d 389, 393 n.5 (Ct. App. 2008) ("[T]o survive a motion for summary judgment, the plaintiff must offer some evidence that a genuine issue of material fact exists as to each element of the claim unless that element is either uncontested or agreed to by stipulation; otherwise, the plaintiff cannot meet his burden of proof and the claim may be determined as a matter of law by the trial [court]."). As the Swilleys and Causey failed to come forward with specific facts that show there is a genuine issue of fact remaining for trial, we find summary judgment was appropriate.

4. We disagree with Appellants' argument they did not have a full and fair opportunity to complete discovery. Appellants do not explain why the time was insufficient and what they expected to discover. *See Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."). *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a 'fishing expedition.'" (quoting *Baughman v. Am. Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))). Furthermore, this argument was never raised to the trial court. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.")

5. We find Appellants' argument that the trial court committed reversible error by granting summary judgment as a sanction is not properly before the court. *See S.C. Dep't of Transp.*, 372 S.C. at 301-02, 641 S.E.2d at 907 ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *supra*, at 57)). Causey never raised

this issue below and the Swilleys only raised it through a letter from their current counsel to the court dated May 3, 2016. Furthermore, the trial court held, "Swilley never objected in writing to the Motion to Compel in the sixty days after the Motion was filed. Additionally Swilley did not raise any such argument at the hearing." Because we find the Swilleys received notice of the February hearing, we agree with the trial court they should have appeared at the hearing to make this argument in a timely manner.

6. We find Appellants' argument the trial court erred by relying on false statements and misrepresentations by legal counsel is not preserved for our review as it was never raised to or ruled on by the trial court. S*ee Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.