**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Valerie Drafts, Veronica Drafts, and Tarance F. Drafts, III, Respondents,

v.

R.O. Levy, South Carolina Department of Revenue, The United States of America, and Batesville Casket Co., Defendants,

of whom R.O. Levy is the Appellant.

Appellate Case No. 2019-002042

———————

Appeal From Lexington County
James O. Spence, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-311
Submitted May 1, 2022 – Filed July 27, 2022

———————

**AFFIRMED**

———————

Joseph Henry, of Joseph Henry, PC, of Irmo, for Appellant.

Warren R. Herndon, Jr., of Woodward Cothran & Herndon, of Lexington, for Respondents.

———————

**PER CURIAM:** R.O. Levy (Appellant) appeals the master-in-equity's order of foreclosure. On appeal, Appellant argues the master erred in conducting the foreclosure proceeding in his absence and erred in determining his interrogatory challenge was meritless. We affirm.

1. Thomas Levy, Appellant's brother, began representing Appellant shortly after Valarie Drafts, Veronica Drafts, and Tarrance Drafts, III (collectively, the Draftses) brought their foreclosure action. Neither Appellant nor any of his attorneys appeared at the foreclosure proceeding. The clerk informed Levy of the foreclosure proceeding date three months in advance, and the Draftses' attorney notified Levy ten days before the proceeding. Joseph Henry, who now represents Appellant, did not properly file his notice of appearance until two months after the foreclosure proceeding. Therefore, we hold the master did not err in conducting the foreclosure proceeding in Appellant's absence because the Draftses properly notified Levy, who was Appellant's only attorney of record at the time the notice was sent. *See U.S. Bank Tr. Nat'l. Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence."); Rule 5(a), SCRCP (stating written notices shall be served upon each of the parties of record); *Ex parte Strom*, 343 S.C. 257, 263-64, 539 S.E.2d 699, 702 (2000) ("[O]nce an attorney has made a formal appearance and becomes attorney of record in an action, withdrawal can only be accomplished by order of the court."); *id.* at 263, 539 S.E.2d at 702 ("Strong policy considerations dictate that a client and the court must be unequivocally informed when an attorney intends to withdraw from representing a party, for whatever reason."); *Culbertson v. Clemens*, 322 S.C. 20, 25, 471 S.E.2d 163, 165 (1996) ("The best way to achieve this is by strict adherence to Rule 11(b), which was designed to eliminate any confusion regarding which attorneys are representing parties by requiring that any changes be made by application to the court."); Rule 11(b), SCRCP ("An attorney may be changed by consent, or upon cause shown, and upon such terms as shall be just, upon application, by order of the Court, and not otherwise."); *Ex parte Strom*, 343 S.C. at 262, 539 S.E.2d at 701 ("[T]he text of Rule 11(b) implies, either the attorney, *the replacement attorney*, or the client may apply for a court order changing or removing an attorney." (emphasis added)).

2. Although Appellant asserts the Draftses' responses to his interrogatories were inadequate, he never filed a motion to compel. Because the Draftses had responded to the discovery, the trial court could not use Rule 37(d), SCRCP, to sanction the Draftses, as that subsection only applies when a party fails to serve any response. Where, as here, a party responds but the other party deems the

responses incomplete or otherwise inadequate, Rule 37(b), SCRCP, requires a party to seek a ruling compelling the discovery response.  Therefore, we hold the master did not err determining that Appellant's argument concerning the interrogatory responses was meritless.  *See* Rule 37(a)(1)-(2), SCRCP (stating a discovering party may apply to the court in which its action is pending for an order compelling discovery when the opposing party fails to answer interrogatories submitted under Rule 33, SCRCP); *Richardson ex rel. 15th Cir. Drug Enf't Unit v. Twenty-One Thousand & no/100 Dollars ($21,000.00) U.S. Currency & Various Jewelry*, 430 S.C. 594, 598, 846 S.E.2d 14, 16 (Ct. App. 2020) ("The discovering party may also make such a motion if it believes, in good faith, the answers it has received are incomplete or the objections improper.");  *id.* at 598-99, 846 S.E.2d at 16 ("The court may then issue an order compelling discovery; if the order is not obeyed, the court may take appropriate action, including imposing sanctions . . . .").

**AFFIRMED.**[1]

**KONDUROS, HILL, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.