ALFRED H. LAKE *vs.* WINFIELD FULLER CO.

JUNE 22, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought by the plaintiff, an attorney at law, to recover for his

disbursements and for professional services rendered to defendant in an action at law brought by the defendant against one Charles T. Toomey. The *ad damnum* of the writ was $500. The action was tried by a justice of the Superior Court sitting without a jury. The decision was for the plaintiff for $412.55. The case is here on the defendant's exception to the decision.

The facts are not in dispute. Defendant corporation conducts an insurance business in Providence which is owned and managed by its president, one Winfield Fuller. Toomey was indebted to defendant for commissions on insurance policies which he had collected during a period of several years, and also for rent, telephone service, gasoline, travelling expenses, etc. Defendant was indebted to Toomey for some commissions due on certain premiums collected by him. The plaintiff was employed by Fuller to bring suit against Toomey and was instructed to "go against him hard." Nothing was said by either party about plaintiff's fee.

Plaintiff brought an action in assumpsit promptly and attached Toomey's property. This attachment was released by the delivery to the officer of a statutory bond in the penal sum of the *ad damnum* of the writ. Plaintiff had numerous interviews with Toomey's attorney and, as a result of an informal accounting made by the two attorneys, the claim of the defendant which was originally for $2,800 was finally determined to be $2,146.89, exclusive of interest. This amount appears to have been accepted by both parties as correct. Thereafter Toomey offered to settle his indebtedness by the payment of $1,400 which was all the money he was able to secure at the time. This offer was rejected by defendant and the action was made ready for trial. Shortly before the assignment day of the action, defendant, without cause, discharged plaintiff as his counsel.

The declaration which was originally on book account and the common counts was amended, after the entry of the writ in the district court by the addition of a special

count in assumpsit. Therein plaintiff alleged that he was employed by defendant to prosecute to final determination an action at law against Charles T. Toomey "for a reasonable reward and reimbursement for necessary disbursements;" that he proceeded to prosecute said case and that he had expended the sum of $13.55 for necessary expenses but that he was wrongfully discharged by defendant who refused to permit him to complete his contract for service, whereby and as a consequence he lost all the benefit and profits which he otherwise would have derived from prosecuting defendant's action to a final determination.

At the trial plaintiff testified that his charge of $400 was not computed on a percentage basis, as is common practice in the ordinary collection case, but that it was his estimate of the reasonable value of his services. The only other witness for plaintiff, a member of the bar of this State, testified that in his opinion in view of all the circumstances, $400 was a reasonable and fair compensation for plaintiff's services. The only witness for defendant was the attorney of Mr. Toomey who had conducted the accounting with plaintiff. He testified that negotiations between defendant and Toomey were still pending and that the difficulty in settling the case was in providing for the payment by Toomey, not in fixing the amount to be paid.

It is well settled that a client has the right to discharge his attorney at any time, with or without cause, subject, however, to the responsibility for the consequences of the breach of the contract of employment. *In re Paschal*, 10 Wall. 483; *Martin* v. *Camp*, 219 N. Y. 170. 6 C. J. 676 and cases cited therein. After discharge without cause, the attorney is always entitled to recover an amount based on the reasonable value of the services performed. The award of damages in the case at bar was made on this basis.

As plaintiff has not taken any exception to the decision, we have not considered the question of the measure of damages under the special count for breach of contract which defendant has briefed.

Defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Samuel H. Workman, Alfred H. Lake,* for plaintiff.
*Henry M. Boss, Herbert Tiemann,* for defendant.