375 A.2d 960.

ADAM FARKAS *vs.* ALBERT M. SADLER *et al.*

JULY 29, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. The plaintiff, Adam Farkas, brought this civil action in Superior Court to recover damages for personal injuries, medical expenses, and loss of wages allegedly resulting from a motor vehicle accident in which he and two other drivers, the defendants Albert M. Sadler and Mary R. Adams, were involved. A jury returned a verdict of $5,465 reduced by 20% because of the plaintiff's own negligence against the defendants Elizabeth Sadler, a co-owner of one of the vehicles, and Albert Sadler. The other defendant, Mary R. Adams, was found not negligent. The plaintiff appeals from the trial justice's denial of a motion for an additur, or in the alternative, a new trial on the issue of damages.

On January 16, 1973, plaintiff was traveling in a westerly direction along Route 195. As he was approaching the intersection of Route 95 there was a slow

down in the line of traffic. What took place next was subject to some dispute among the parties to this action. According to plaintiff, as a result of the traffic conditions he applied the brakes and brought his automobile to a gradual stop. Then between 5 and 10 seconds later defendant Sadler's automobile collided into the back end of plaintiff's automobile. The plaintiff described the impact between the two vehicles as a "good heavy jolt" and stated that at the moment of impact he experienced a sharp pain in his back which extended downwards along the left side of his leg. Very shortly thereafter, plaintiff stated that he felt a second much less forceful impact resulting from defendant Adams' vehicle colliding into defendant Sadler's.

The defendant Sadler, on the other hand, testified that he had been traveling between 30 and 35 miles per hour and approximately three or four car lengths behind plaintiff's vehicle when it came to a very sudden stop. He noted that the abruptness of this stop caused the front end of the vehicle to drop downwards sharply. Seeing this he quickly applied his own brakes but was unable to avoid striking plaintiff's vehicle. The Sadler vehicle was then struck by the automobile driven by defendant Adams. She testified that the impact from this collision was very slight. The defendant Sadler stated that despite the second impact his vehicle did not come into contact again with plaintiff's automobile.

Before examining the issues raised by plaintiff's notice of appeal we deem it necessary to address a contention raised before this court during oral argument. There plaintiff, appearing pro se, alleged, in effect, that the trial justice erred in not allowing plaintiff's counsel to withdraw. The plaintiff's position is without merit.

The pertinent facts are summarized as follows. On May 16, 1974, Attorney Stephen G. Linder entered his appearance on behalf of plaintiff. Trial on the merits of the case

was scheduled to begin on June 19, 1974. That morning, prior to impaneling the jury, plaintiff's counsel indicated to the court that his client did not think counsel had sufficient and adequate time to prepare the case, and therefore, plaintiff desired to continue the case. On the basis of counsel's representation to the court that he was prepared to go forward with the case, however, the trial justice denied the motion. On the following day, before the taking of testimony began, plaintiff filed a motion requesting the court's permission to allow the withdrawal of plaintiff's counsel from the case. Accompanying plaintiff's motion was an affidavit indicating in effect that counsel had badly prejudiced the case by reason of his inadequate preparation. The plaintiff indicated, however, that he was not prepared at that time to go forward with the case. Counsel then stated before the court that in light of this and the fact that his client had not retained substitute counsel he felt dutybound to continue as his attorney. The trial justice denied plaintiff's motion. Thereafter, on the morning of June 25, 1974, the third day of trial, plaintiff filed a motion that the case be dismissed without prejudice and in an accompanying affidavit again complained of the adequacy of representation. While indicating that the court ordinarily would not entertain a motion which was improperly filed, such as the one then before it, nevertheless, the trial justice stated that he had conferred with plaintiff's counsel concerning the motion to dismiss and would deny it without further comment. Because of this motion and those previously filed with the court, however, plaintiff's counsel requested that he be allowed to withdraw. The trial justice denied counsel's oral motion and indicated in anticipation of any more formal motion of this sort that he would not allow a withdrawal of counsel at this point in the proceeding to the prejudice of defendants. On September 5, 1974, plaintiff filed a motion asking the court to review an accompanying memorandum in addition to any argument or presentation counsel would make on his behalf with respect to the motion before the court for an additur or new trial on the

issue of damages. The plaintiff's counsel disavowed any responsibility in the preparation of the motion or the accompanying memorandum.[1] The trial justice denied the motion and refused to consider the memorandum for the stated reason that plaintiff was represented by competent counsel who was capable of fairly presenting the appropriate issues and arguments to the court for its determination. Approximately 1 month later plaintiff and counsel filed stipulations whereby it was agreed that Attorney Linder would withdraw his appearance as counsel for plaintiff and that plaintiff would enter his appearance.

It is universally recognized that the office of attorney admits of the very highest confidence and depends upon a working if not harmonious relationship between counsel and client for its vitality. *Clancy* v. *State Bar*, 71 Cal.2d 140, 343 P.2d 329, 77 Cal. Rptr. 657 (1969); *Hendrickson* v. *Sears*, 365 Mass. 83, 310 N.E.2d 131 (1974). Because of its sensitive nature a client may discharge counsel with or without cause and, thus, terminate the relationship. *United States* v. *Thomas*, 450 F.2d 1355 (D.C. Cir. 1971); *Potts* v. *Mitchell*, 410 F. Supp. 1278 (W.D.N.C. 1976); *Fracasse* v. *Brent*, 6 Cal.3d 784, 494 P.2d 9, 100 Cal. Rptr. 385 (1972); *Lake* v. *Winfield Fuller Co.*, 54 R.I. 358, 173 A. 119 (1934). Similarly, an attorney may withdraw from the relationship, but then only on the basis of compelling circumstances. Sup. Ct. R. EC 2-32; 7 Am.Jur.2d *Attorneys at Law* §§143-145 (1963). After an attorney has entered an appearance in a case, effective withdrawal, at the insistence of either counsel or client, is dependent upon consent of the court. Super. Ct. R. Prac. 1.6(a). The grant or denial of such a motion to withdraw is within the sound discretion of the trial justice, *Brothers* v. *Burt*, 27 N.Y.2d 905, 265 N.E.2d 922, 317 N.Y.S.2d 626 (1970); *Phoenix Mut. Life Ins. Co.* v. *Radcliffe on the*

---

[1] The memorandum contained a statement, *inter alia*, again alleging the lack of preparation by plaintiff's counsel.

*Delaware, Inc.* 439 Pa. 159, 266 A.2d 698 (1970), and depends upon such considerations as the reasons necessitating the withdrawal, the efficient and proper function of the court, and the effect that granting or denying the motion will have on the parties to the litigation. *See Imhoff* v. *Hammer, 305 A.3d 325 (Del. 1973); Fisher* v. *State,* 248 So.2d 479 (Fla. 1971); *Finch* v. *Wallberg Dredging Co.,* 76 Idaho 246, 281 P.2d 136 (1955).

Examination of the record in the present case clearly indicates that the trial justice did not abuse his discretion in requiring counsel to continue in representing plaintiff. Contrary to plaintiff's belief, the circumstances necessitated it. When plaintiff's initial request had been filed with the court, the trial was already in its second day. Thus considerable expense, time, and effort had been expended by the court and defendants. Furthermore, it is evident that at no time during the trial was plaintiff prepared to go forward with the case nor had he retained substitute counsel who would do so. If the trial justice were to grant plaintiff's request then a continuance would be necessary. This would place an additional burden on defendants, especially defendant Adams because of her advanced years.[2]

Nor can any basis for plaintiff's request be found in his reason for seeking the withdrawal of his counsel. The plaintiff repeatedly alleges that counsel was unprepared to properly go forward with the presentation of his case. The trial justice, however, concluded differently. He stated that counsel's presentation was "consistent with the high standards of the plaintiff's bar of this [s]tate." For the foregoing reasons, we cannot say that the trial justice erred in his adverse rulings concerning the various motions and requests that plaintiff's counsel withdraw.

We now turn to plaintiff's contention that the trial justice

---

[2]The case had been assigned on a priority basis for this reason.

erred in denying his motion for an additur or in the alternative a new trial on the issues of damages. The rule governing either alternative is substantially the same. *Pimental v. D'Allaire*, 114 R.I. 153, 157, 330 A.2d 62, 64 (1975). It is the duty of the trial justice on a motion for a new trial to pass upon the weight of the evidence and the credibility of the witnesses. *Morinville v. Morinville*, 116 R.I. 507, 511, 359 A.2d 48, 51 (1976); *State v. Lewis*, 115 R.I. 217, 226, 341 A.2d 744, 749 (1975); *Ruggieri v. Beauregard*, 110 R.I. 197, 199, 291 A.2d 413, 414 (1972); *Dawson v. Rhode Island Auditorium, Inc.*, 104 R.I. 116, 122, 242 A.2d 407, 412 (1968); *Barbato v. Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). On appeal from an adverse ruling on a motion for a new trial where the trial justice properly performs his function, the burden is on the moving party to show that the trial justice was clearly wrong or that he overlooked or misconceived material evidence on a controlling issue. *Dawson v. Rhode Island Auditorium, Inc.*, *supra* at 123, 242 A.2d at 412.

In his decision on plaintiff's motion, the trial justice carefully examined and commented at length on the material evidence. In doing so he indicated that plaintiff was already disabled as a result of prior unrelated events for which he had been compensated. Additionally, the trial justice was not impressed with plaintiff's testimony. Nevertheless, in the exercise of his independent judgment the trial justice concluded that there was evidence to sustain the jury's award in the amount indicated. Our examination of the record does not disclose that the trial justice either overlooked or misconceived any material evidence or applied an erroneous rule of law in reaching this conclusion. Accordingly, we find that he did not err in denying plaintiff's motion. *State v. Lewis*, 115 R.I. 217, 341 A.2d 744 (1975); *Malinowski v. Zalzal*, 113 R.I. 90, 317 A.2d 875 (1974).

The plaintiff, however, contends that the trial justice committed reversible error in permitting defense counsel to

impeach the plaintiff's credibility by means of prior inconsistent statements contained in certain interrogatories. Because of this alleged "character-assassination" the plaintiff believes the jurors were unfairly prejudiced and, as a result, returned a judgment in the plaintiff's favor which was grossly inadequate. The plaintiff's position is untenable. Subject to the evidentiary rules of admissibility, answers to interrogatories can be used by an adverse party for any purpose, including attacking the credibility of a party as a witness. *Halpert* v. *Rosenthal*, 107 R.I. 406, 420, 267 A.2d 730, 737 (1970); Super R. Civ. P. 33(b).

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Adam Farkas* (pro se), for plaintiff.

*Leonard A. Kiernan, Jr., James A. Currier*, for defendant.