**Supreme Court**

No. 2011-123-Appeal.
(PC 06-3928)

The Law Firm of Thomas A. Tarro, III, et al.   :

v.                                   :

Maria Checrallah et al.                   :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

The Law Firm of Thomas A. Tarro, III, et al.　　:

v.　　　　　　　　　：

Maria Checrallah et al.　　　　：

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**　The defendant, Maria Checrallah,[1] appeals from a Superior Court order granting summary judgment in favor of the plaintiffs, Thomas A. Tarro, III, and The Law Firm of Thomas A. Tarro, III (collectively Tarro or plaintiffs) and awarding the plaintiffs $187,500 in attorneys' fees owed by the defendant under a 1989 retainer agreement, plus prejudgment interest amounting to $113,386.50.　On appeal, the defendant argues that the plaintiffs were not entitled to judgment as a matter of law and that any recovery by the plaintiffs should be limited to the value of the work Tarro actually performed for the defendant.　This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.　After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.　For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] Initially, both Maria Checrallah and Victory Finishing Technologies, Inc. (Victory) were named as defendants in this case (plaintiffs having sought injunctive relief against Victory). Victory has since been dissolved through a final judgment in receivership, however, and it is not a party to this appeal.

# I

## Facts and Procedural History[2]

In March 1989, defendant hired Tarro to "prosecute and settle all claims for damage against [her father's estate] and [her brother] or others who shall be liable on account of the handling of [her father's estate] before and after his death." The retainer agreement provided that defendant would pay Tarro "a sum equal to Fifteen (15%) Percent of whatever may be recovered from said claim either by suit, settlement or any other manner." Specifically, Tarro assisted defendant in establishing her interest in a promissory note (Victory note) in the amount of $2,390,000 payable by Victory Finishing Technologies, Inc. (Victory) to her father's estate. Shortly thereafter, Tarro negotiated a settlement (probate settlement) between defendant and her brother whereby defendant would receive one half of her father's estate, including one half of the interest and principal payable under the terms of the Victory note. The defendant's brother was appointed to serve as executor of their father's estate.

After executing the settlement agreement, defendant signed an attorney authorization agreement, in which she acknowledged that Tarro would act as her agent in collecting the sums due under the settlement agreement, and that he would "continue to be [her] legal representative with respect to any issues regarding [her father's estate]."[3] Pursuant to this agreement, over the next decade, Tarro received 122 payments on behalf of defendant and distributed 85 percent of each to defendant, keeping 15 percent of each installment to cover his agreed-upon fee. In 1999,

---

[2] In reviewing a lower court's grant of summary judgment, we "view[] the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party * * *." Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001). The defendant has acknowledged that "facts material to this action are not in dispute," and, unless otherwise indicated, all facts noted herein are undisputed.

[3] The defendant was deposed about the probate settlement shortly after that settlement was reached. At that deposition, defendant twice indicated her understanding that payments owed under the probate settlement would be sent directly to Tarro before being distributed to her.

Tarro successfully petitioned the Probate Court to have defendant's brother removed as executor of their father's estate and a new administrator appointed. Victory later entered receivership and the probate estate's new administrator filed a claim on behalf of the estate in the Victory receivership proceeding. In February 2002, Tarro also served Victory's receiver with notice of his attorney's lien in connection with amounts still owed to defendant under the note.

In July 2002, defendant discharged Tarro as her attorney and directed him to release her file to successor counsel. In 2005, with the assistance of successor counsel, defendant settled her claim pertaining to the Victory note in the receivership proceeding (receivership settlement). Under the terms of that settlement agreement, defendant accepted $1,250,000 as full payment of her claim (at that time, $1,486,524.72 was due to her under the Victory note). An initial $100,000 payment was to be made within ninety days, with the balance due in two years. After that initial payment was made, the receivership settlement agreement was amended to require a $200,000 payment by August 2006, with the balance due by August 2007. Upon Tarro's motion, the justice overseeing the Victory receivership ordered that $30,000 of the $200,000 payment be withheld and deposited into the Registry of the Court so that Tarro could seek to enforce an attorney's lien.[4] It is also undisputed that defendant has received the final $950,000 payment and that Tarro has not received any portion of the $100,000 payment or the $950,000 payment.

The plaintiffs filed suit against defendant in Superior Court alleging breach of contract and other related causes of action. Specifically, the complaint alleged that defendant breached her contract with plaintiffs by failing to pay 15 percent of each payment received under the receivership settlement as was required by the 1989 retainer agreement. The defendant denied these allegations and counterclaimed, asserting that plaintiffs breached the retainer agreement by

_____

[4] The Superior Court since has ordered the release of this money to Tarro.

failing to provide "effective and zealous legal representation," and committed attorney malpractice. The defendant further pleaded that plaintiffs' omissions caused her to incur additional legal expenses. The plaintiffs responded that defendant's counterclaims were barred by the statute of limitations and moved that the Superior Court either dismiss them or grant summary judgment on them. On June 1, 2007, the Superior Court granted summary judgment in favor of plaintiffs on all of defendant's counterclaims.

Subsequently, plaintiffs moved for summary judgment on their own claims, arguing that there was no genuine issue of material fact about whether plaintiffs were entitled to collect 15 percent of the payments that defendant received under the receivership settlement. The defendant responded with a two-sentence objection, contending only that plaintiffs were not entitled to judgment as a matter of law. The defendant did not attach a supporting memorandum, affidavits, or any other materials to this submission; but, at a hearing before the Superior Court, she explained her position that plaintiffs were not entitled to a contingency fee for any amounts recovered in connection with the receivership settlement because Tarro had been discharged long before that settlement was reached. The defendant argued that, at most, Tarro would be entitled to recover under quantum meruit for the value of the services he provided. On October 5, 2010, after hearing arguments from both parties, the trial justice granted summary judgment for plaintiffs, reasoning that Tarro earned 15 percent of any amounts received by defendant when he successfully negotiated the probate settlement in 1989, and therefore, that there was no genuine issue of fact concerning amounts owed under the retainer agreement. The plaintiffs were

awarded $187,500 (15 percent of the receivership settlement amount), as well as prejudgment interest. Final judgment was entered on October 26, 2010, and defendant appealed.[5]

## II

### Standard of Review

"The grant of a motion for summary judgment is reviewed by this Court <u>de novo</u>, 'employing the same standards and rules used by the hearing justice.'" <u>Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc.</u>, 45 A.3d 571, 574 (R.I. 2012) (quoting <u>Generation Realty, LLC v. Catanzaro</u>, 21 A.3d 253, 258 (R.I. 2011)). "It is a fundamental principle that '[s]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously.'" <u>Employers Mutual Casualty Co. v. Arbella Protection Insurance Co.</u>, 24 A.3d 544, 553 (R.I. 2011) (quoting <u>Estate of Guiliano v. Guiliano</u>, 949 A.2d 386, 390 (R.I. 2008)). "We will affirm a lower court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." <u>Great American E & S Insurance Co.</u>, 45 A.3d at 574 (quoting <u>Generation Realty, LLC</u>, 21 A.3d at 258). "Moreover, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." <u>Id.</u> (quoting <u>Narragansett Improvement Co. v. Wheeler</u>, 21 A.3d 430, 438 (R.I. 2011)).

---

[5] Although defendant filed her notice of appeal prematurely, before the final entry of judgment, this Court will treat the appeal as timely. <u>See</u> <u>State v. Cipriano</u>, 21 A.3d 408, 419 n.10 (R.I. 2011).

# III

## Discussion

On appeal, defendant maintains that summary judgment was inappropriate because, "although the facts material to this action are not in dispute, [plaintiffs] were not entitled to the [j]udgment as a matter of law." Specifically, defendant argues that, although Tarro was entitled to receive 15 percent of any amounts he actually collected, he is not entitled to any percentage of amounts collected after defendant discharged him. The defendant points out that successor counsel, rather than Tarro, negotiated the receivership settlement on her behalf, and asserts that "[plaintiffs] were not entitled to receive their contingent fee from a settlement [in] which they [played] no role * * * negotiating or recovering." Finally, defendant posits that, to the extent plaintiffs are entitled to any fees in this matter, it would be for the value of services rendered under a quantum meruit theory. The plaintiffs respond that the lower court's grant of summary judgment should be affirmed because no material facts are in dispute and under "[t]he traditional contract rule[,] * * * when an attorney has a written contingency contract and is discharged, without cause, the attorney is entitled to the full percentage of [his] fee upon recovery by the client."

As we previously have declared, "[i]t is well settled that a client has the right to discharge his attorney at any time, with or without cause, subject, however, to the responsibility for the consequences of the breach of the contract of employment." Lake v. Winfield Fuller Co., 54 R.I. 358, 360, 173 A. 119, 120 (1934). Moreover, "[a]fter discharge without cause, the attorney is always entitled to recover an amount based on the reasonable value of the services performed." Id. Authorities explain that when an attorney's receipt of fees is contingent upon a particular outcome, "[t]he happening of the contingency is a condition precedent to the right of the attorney

to recover for his or her services, and the precise event which was contemplated must happen." 7 Am. Jur. 2d Attorneys at Law § 258 at 307 (2007) (citing case law from various jurisdictions). Thus, when a client discharges his or her attorney without cause prior to full performance of all duties, the attorney's recovery generally is limited to the value of services rendered under a quantum meruit theory. See id. § 281 at 326-27; see also Fracasse v. Brent, 494 P.2d 9, 10 (Cal. 1972) (en banc) (holding that, when an attorney under a contingency fee contract had been discharged without cause prior to the occurrence of the contingency, "the attorney should be limited to a quantum meruit recovery for the reasonable value of his services"). However, when an attorney is discharged, having already substantially performed the duties owed to the client, and only "minor and relatively unimportant deviations remain to accomplish full contractual performance," the attorney is entitled to the entire contingency fee. 7 Am. Jur. 2d § 281 at 326-27. This final proposition comports with the traditional contract principle, long recognized by this Court, that "a court may award damages for breach of contract to place the injured party in as good a position as if the parties fully performed the contract," Sophie F. Bronowiski Mulligan Irrevocable Trust v. Bridges, 44 A.3d 116, 120 (R.I. 2012) (quoting Riley v. St. Germain, 723 A.2d 1120, 1122 (R.I. 1999)), because an attorney who has obtained a positive outcome for his or her client based on a contingent fee agreement will realize the expected benefit of the bargain only if the agreed-upon contingency fee amount is paid in full.

Additionally, courts of other jurisdictions have held that, when an attorney has been discharged after the occurrence of the stated contingency in a contingent fee contract, his or her recovery lies in contract, not quantum meruit. For example, the Appellate Court of Connecticut determined that an attorney retained on a contingency fee basis who was discharged after settlement had been reached was entitled to the full fee amount, even though his "performance

was less than exemplary" and the client had retained additional counsel to aid in settlement negotiations. <u>McCullough v. Waterside Associates</u>, 925 A.2d 352, 354, 355, 357 (Conn. App. Ct. 2007). In particular, that court held that "[b]ecause the [attorney] was discharged after settlement had been reached, he had a contractual means of recovery, and quantum meruit was not applicable," and that "[r]egardless of the [attorney's] less than exemplary performance, he was entitled to collect the one third contingency fee as set forth in the agreement." <u>Id.</u> at 357. <u>See also</u> <u>Zaklama v. Mount Sinai Medical Center</u>, 906 F.2d 650, 652-53 (11th Cir. 1990) (holding that, when a law firm was discharged after obtaining a settlement for its client in an employment discrimination case, it was entitled to its full contingency fee, reasoning that "[a] client may not accept the benefits of a valid contingency fee contract and subsequently contest his obligations thereunder"); <u>MacInnis v. Pope</u>, 285 P.2d 688, 689-90 (Cal. Dist. Ct. App. 1955) (holding that, when an attorney under a contingency fee agreement was discharged after successfully negotiating and collecting a settlement on his client's behalf, he was entitled to his full contingency fee and noting that "[i]t would seem unnecessary to cite authority for the point that when an attorney fully performs the services required by the contract he is entitled to the fee stipulated in the contract").

Here, the defendant has conceded that "the facts material to this action are not in dispute." Thus, it is undisputed that Tarro agreed to represent the defendant in her father's probate proceedings and that in exchange for any settlement he negotiated on her behalf, he would receive 15 percent of any amounts she recovered. It is also undisputed that Tarro successfully negotiated the probate settlement under the terms of which the defendant was to receive one half the interest and principal payable under the Victory note. The retainer agreement expressly provided that Tarro was to "prosecute and <u>settle</u> all claims" in connection

with the defendant's father's estate and that in exchange for those services, the defendant would pay him "[f]ifteen (15%) [p]ercent of whatever may be <u>recovered</u> from said claim by suit, settlement or any other manner." (Emphasis added.) We are of the opinion that, upon reaching the original probate settlement agreement, Tarro had performed his duties to the defendant under the retainer agreement and that, as soon as the defendant's claim was reduced to a settlement, he became entitled to 15 percent of any amounts ultimately received by the defendant under the probate settlement. Therefore, at the time the defendant discharged Tarro, his right to receive his fee from amounts eventually recovered by the defendant had vested, and the fact that the defendant subsequently discharged Tarro does not alter his entitlement to fees already earned. Similarly, the fact that the defendant undertook additional collection efforts at a later date (with the help of successor counsel), does not diminish or impair Tarro's right to his contingency fee. We conclude, therefore, that the plaintiffs were entitled to summary judgment.[6]

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment, and we remand the case to the Superior Court.

Justice Indeglia did not participate.

---

[6] The plaintiffs have consistently taken the position that they are entitled to 15 percent of any amounts actually recovered by defendant under the receivership agreement, rather than 15 percent of what she expected to receive when she agreed to the original probate settlement. The Superior Court awarded plaintiffs 15 percent of the receivership settlement amount; and, since plaintiffs have not argued that they are entitled to any greater amount, we will not disturb the Superior Court's damages calculation.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  The Law Firm of Thomas A. Tarro, III, et al. v. Maria Checrallah et al.

**CASE NO:**  No. 2011-123-Appeal.
(PC 06-3928)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  February 21, 2013

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**WRITTEN BY:**  Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Vincent A. Indeglia, Esq.

For Defendant:  Bruce E. Vealey, Esq.